IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01799-WYD-MEH

DARREN WILEY,

    Plaintiff,

v.

COVAD COMMUNICATIONS COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Plaintiff's Renewed Motion to Modify Scheduling Order . . . [filed December 29, 2009; docket #30]. The motion is referred to this Court for disposition. (Docket #31.) The matter is briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Plaintiff's Renewed Motion to Modify Scheduling Order.

    Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act during the course and termination of Plaintiff's employment with Defendant. (*See* docket #15.) Plaintiff initially filed a motion to amend the scheduling order purposed to extend the deadline for amendment of pleadings on December 11, 2009. (Docket #27.) The Scheduling Order set December 11, 2009, as the deadline for joinder of parties and amendment of pleadings. (Docket #22 at 8.) This Court denied the first motion without prejudice for failure to comply with D.C. Colo. LCivR 7.1A, and Plaintiff filed the renewed motion presently before the Court on December 29, 2009. (*See* docket #29.) In this motion, Plaintiff asks the Court to extend

the deadline for amendment of pleadings, with the intent of filing a Second Amended Complaint adding Section 1981 claims. (Docket #30 at 1, 3.) Defendant responded to Plaintiff's motion on January 14, 2010. (Docket #34.) To date, Plaintiff has not filed a reply in support of his request.

Defendant opposes the extension sought by Plaintiff because it believes Plaintiff fails to demonstrate the requisite good cause to modify a scheduling order. In his motion, Plaintiff states that "because of the press of business as a result of rescheduled depositions and preparation for trial," Plaintiff's counsel "was not able to draft the [proposed Second Amended] Complaint by the deadline." (Docket #30 at 2.) Defendant contends that this explanation does not constitute good cause. (Docket #34 at 2.) Moreover, Defendant asserts that Plaintiff "has been aware of the facts underlying a potential Section 1981 race claim for at least three years," considering the commencement of administrative proceedings in 2006 and the beginning of this case in July 2009. (Id. at 4.) Defendant believes such delay negates any argument for good cause to modify the scheduling order. The Court agrees.

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4) and D.C. Colo. LCivR 16.1. The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987) (discussing amendment of the scheduling order).

Here, the Court agrees with Defendant that the press of business does not constitute good cause for the extension of the deadline for amendment of pleadings. The Court is even more persuaded that Plaintiff's explanation lacks good cause because the underlying facts of the lawsuit that would give rise to claims under Section 1981 should have been previously known to Plaintiff, given the time frame of this proceeding. Furthermore, in the absence of a reply, the Court has no information from Plaintiff countering Defendant's contention nor providing bolstered explanations for the delay. Plaintiff offers no assertions that new facts have been developed or recent changes in the law impact his claims. *See Colorado Visionary Academy*, 194 F.R.D. at 688. Thus, other than the "press of business" excuse, the Court perceives no indication of diligence conducted by Plaintiff in attempting to meet the deadline for amendment of pleadings.

Accordingly, the Court **DENIES** Plaintiff's Renewed Motion to Modify Scheduling Order . . . [filed December 29, 2009; docket #30].

Dated at Denver, Colorado, this 26th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge