IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01799-WYD-MEH

DARREN WILEY,

      Plaintiff,

v.

COVAD COMMUNICATIONS COMPANY,

      Defendant.

**MINUTE ORDER**

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 1, 2010.**

      Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to United Air Lines, Inc. [filed January 29, 2010; docket #39] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A. The plain language of D.C. Colo. LCivR 7.1A states in pertinent part,

> The court will not consider ***any motion***, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). The Court again reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail). (*See also* docket #29.)